NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TAHERA BLYTHER,<br><br>                  Plaintiff,<br><br>          v.<br><br>FRANK J. BISIGNANO<br>Commissioner Of Social Security,<br><br>                  Defendants. | Case No. 2:26-cv-01099 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Tahera Blyther's ("Plaintiff") complaint and application to proceed *in forma pauperis*. Based on Plaintiff's representation she has only $2120.00 in monthly income, minimal assets, $2,207 in monthly expenses, and a dependent daughter, the Court grants her motion to proceed *in forma pauperis* as the filing fees would place undue hardship on her ability to pay for the necessities of life.

Because the Plaintiff brings this action *in forma pauperis*, the Court has an obligation to screen the complaint under 28 U.S.C. § 1915(e)(2). In this action, Plaintiff appeals the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 405(g). (ECF No. 1).

For the reasons stated below, Plaintiff's claims against the Commissioner will be allowed to proceed. Plaintiff may file an amended complaint within thirty (30) days to correct these errors for the case to proceed.

1

**Factual and Procedural Background**. In her eight-paragraph complaint, Plaintiff generally alleges that she is appealing from a final administrative decision denying her application for Social Security Disability Insurance benefits ("DIB"). Though the complaint does not affirmatively state whether Plaintiff had exhausted the available administrative remedies, it noted the appeal was brought pursuant to the SSA Appeals Council Notice her request for review had been denied. (ECF No. 1 ¶ 2.) Plaintiff also attached, as Exhibit A, a copy of the Appeals Council's determination. "To exhaust administrative remedies, a claimant must seek review by an Administrative Law Judge (ALJ) and then the Appeals Council." *Cope v. Soc. Sec. Admin.*, 532 F. App'x 58, 60 (3d Cir. 2013) Therefore Plaintiff's appeal is procedurally proper. Plaintiff alleges the SSA "committed error of law by denying Appeals Council review . . . or otherwise deny relief that was within the authority of the Council," because "Plaintiff is disabled." (ECF No. 1 ¶ 6.) Plaintiffs provides no detail as to the nature of her disability, nor the specific errors committed by the Social Security Administration that would give Defendant and the Court notice of the nature of the appeal. (*Id.*)

**Legal Standard**. 28 U.S.C. § 1915(e)(2)(B) requires the Court to review Plaintiff's Complaints and dismiss *sua sponte* any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In this case, the Court finds Plaintiff's Complaint is proper and may proceed. A district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the Plaintiff. *Phillips*, 515 F.3d at 228. However, unlike a standard complaint, an SSA complaint has an "essentially appellate character," and is not governed by Fed. R. Civ. P. 12(b)(6). 42 U.S.C. § 405(g) advisory committee note. Instead, the Fed. R. Civ. P. provide that a complaint brought under 42 U.S.C. § 405(g) must:

(a) state that the action is brought under § 405(g); (b) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (c) state the name and the county of residence of the person for whom benefits are claimed; (d) name the person on whose wage record benefits are claimed; (e) and state the type of benefits claimed.

Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (the "Supplemental Rules") Rule 2(b)(1). The complaint may also "include a short and plain statement of the grounds for relief." Supplemental Rule 2(b)(2).

**Analysis**. Plaintiff's complaint contains minimal factual allegations regarding the prior hearing beyond claiming she "is disabled," and despite that the "agency committed error of law by denying review . . . [or other] relief." (ECF No. 1 ¶ 6.) However, the Supplemental Rules contain no requirement for the fulsome factual allegations required under 12(b)(6). Supplemental Rule 2(b)(1). Plaintiff does, however state the case is brought under 42 U.S.C. 405(g). (ECF No. 1 ¶ 1). Identify, by attaching the relevant final decision by the Appeals Council, the relevant decision to be reviewed and that her administrative remedies had been exhausted. (*Id.* Ex. A.) State her name and county of residence. (Id. ¶ 4.) And identify the type of benefits, Social Security Disability Insurance, sought by Plaintiff. (Id. ¶ 2.) Her complaint therefore fulfills all the requirements under the supplemental rules and should be allowed to proceed.

Accordingly, and for good cause appearing,

**IT IS** on this 12th day of February 2026,

**ORDERED** that Plaintiff's application to proceed IFP (ECF No. 1-2) is **GRANTED**; and the parties are directed to file their respective answer and opening brief within sixty (60) days of the Notice of Appeal (ECF No. 2.)

Date: February 12, 2026

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

3